[No. G008614. Fourth Dist., Div. Three. Nov. 19, 1990.]

ALAN G. BUTKI et al., Plaintiffs and Appellants, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant
and Respondent.

**COUNSEL**

Paul B. Witmer, Jr., for Plaintiffs and Appellants.

Daniels, Baratta & Fine and Mark R. Israel for Defendant and Respondent.

**OPINION**

**SILLS, P. J.**—Plaintiffs Alan and Barbara Butki live in La Palma in a house built in the mid-1960's. The house sits on a concrete slab which is cracking and slowly deteriorating due to a high level of sulfates in the soil. The Butkis, who bought the house in 1984, submitted a notice of loss under

an "all risk" homeowner's policy to their insurer, United Services Automobile Association. The claim was denied on the ground the claimed loss was excluded under the policy. The Butkis sued for declaratory relief, breach of contract, bad faith and statutory violations. The insurer's motion for summary judgment was granted, and the Butkis appeal. We affirm.

## I

Questions of coverage relative to the deterioration of concrete foundations of houses due to corrosive soils are not new to this court. In *Brodkin* v. *State Farm Fire & Casualty Co.* (1989) 217 Cal.App.3d 210, 217 [265 Cal.Rptr. 710], we held: "If the existence of cow urine, swamp seepage, *or other corrosives in the soil* is the proximate cause of damage to the foundation of the house, the claim is clearly barred under that part of the policy which excludes claims for the 'leakage or seepage of water,' 'wear, tear,' 'deterioration,' 'inherent vice' and 'contamination.' " (Italics added.) (See also *State Farm Fire & Casualty Co.* v. *Martin* (C.D.Cal. 1987) 668 F.Supp. 1379, 1382-1383, affd. (9th Cir. 1989) 872 F.2d 319.)

■ Here, the Butkis asserted their loss was caused by the corrosive attack of sulfates and chlorides on the foundation of the house.[1] The homeowner's insurance policy, under the section entitled "PERILS INSURED AGAINST," provides the policy does not cover physical loss to the property due to "seepage or leakage of water," "wear and tear," "deterioration," "inherent vice, latent defect," or "contamination." Under *Brodkin*, the claimed loss is an excluded peril. ■■■■ ■ Accordingly, we affirm the judgment entered in favor of the insurer.[2]

## II

The Butkis contend *Brodkin* either does not, or should not, apply to this case. They argue the two cases are factually distinguishable, and deteriora-

[1] The only competent evidence of the cause of loss was contained in a three-page declaration signed by the Butkis' expert, Tim Welch. In his report, he stated the concrete damage consists of the decomposition and disintegration of the concrete caused by the action of sulfates in the subgrade soil. Welch specifically stated the damage was not caused by expansive soil, water damage or earth movement.

[2] The trial court granted summary judgment on the ground the claim was barred by the policy's one-year suit provision. Whether this ground was correct under *Prudential-LMI Com. Insurance* v. *Superior Court* (1990) 51 Cal.3d 674 [274 Cal.Rptr. 387, 798 P.2d 1230], we need not now decide. *Brodkin* is dispositive of this case and does not involve the one-year suit provision issue. "We uphold judgments if they are correct for any reason, 'regardless of the correctness of the grounds upon which the court reached its conclusion.' [Citation omitted.]" (*United Pacific Ins. Co.* v. *Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 933 [266 Cal.Rptr. 231].)

tion is a question of fact not ripe for summary judgment. Neither argument is persuasive.

The Butkis attempt to distinguish their case by arguing that in *Brodkin* the damage was the cracking of the foundation due to the presence of cow urine or swamp seepage in the soil, while here the damage is the decomposition of the concrete because of a high level of sulfates and chlorides in the soil. They emphasize there is no competent evidence cow urine or swamp seepage was the cause of the damage to the foundation of their house.

To the extent the Butkis argue *Brodkin* was based on the existence of certain specific corrosives in the soil, to wit, cow urine and swamp seepage, they misread the case. In *Brodkin* we held the exclusions apply when the proximate cause of the claimed loss is "corrosives in the soil." (*Brodkin* v. *State Farm Fire & Casualty Co., supra*, 217 Cal.App.3d at p. 217.) Our holding was not limited to any specific corrosives.

Next, the Butkis assert deterioration is a question of fact which cannot be decided on summary judgment. In rejecting a similar contention made in a case where the ground settled and the foundation cracked because of a leaking pipe, the court in *Murray* v. *State Farm Fire & Casualty Co.* (1990) 219 Cal.App.3d 58 [268 Cal.Rptr. 33] stated: "We appreciate the possibility that there may be cases which would call into question the exact parameters of the term 'deterioration.' We can envision situations in which a homeowner suffers damage which is not instantaneous but nonetheless occurs over a sufficiently short period of time that it could not be characterized as deterioration. This is not such a case." (*Id.* at p. 63.) The same analysis applies here. The cracking of the Butkis' foundation first became evident nearly 20 years after the house was constructed. It can hardly be argued the loss here was instantaneous and thus not "deterioration."

Finally, the Butkis ask us to reexamine *Brodkin*. They assert the existence of corrosive soils is not an excluded peril, and the exclusionary language, if applicable, is contrary to law and public policy. These assertions are not persuasive. Although the policy does not *expressly* exclude corrosive soils as a peril, the "plain meaning of the exclusion" is the insurer will not cover slow-moving deterioration and disintegration. (*Brodkin* v. *State Farm Fire & Casualty Co., supra*, 217 Cal.App.3d at p. 217.) If it did, the policy would be nothing more than a "maintenance agreement." (*Murray* v. *State Farm Fire & Casualty Co., supra*, 219 Cal.App.3d at p. 62.) Moreover, an insurer may exclude loss caused by certain perils from coverage, and nothing in the nature of an "all risk" policy, Supreme Court precedents, or Insurance

Code section 530 suggests an insurer is precluded from excluding loss caused by deterioration and wear and tear.

The judgment is affirmed.

Crosby, J., and Moore, J., concurred.