[No. B145278. Second Dist., Div. Five. Sept. 27, 2001.]

RITA PALUB et al., Plaintiffs and Appellants, v.
HARTFORD UNDERWRITERS INSURANCE COMPANY et al.,
Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the part entitled APPELLANTS' EARLIER MOTION FOR SUMMARY ADJUDICATION and a portion of the part entitled DISCUSSION beginning with the paragraph entitled *Breach of Contract: Liability Coverage.*

## COUNSEL

Steven W. Murray for Plaintiffs and Appellants.

Ropers, Majeski, Kohn & Bentley and Kevin G. McCurdy for Defendants and Respondents.

## OPINION

**ARMSTRONG, J.**—Appellants Rita and Virgil Palub bought a Hartford all risk homeowners policy that included property and liability insurance. In 1998, their home was badly damaged. To quote their complaint, their home "was destroyed, rendered uninhabitable, and collapsed as a result of a slope failure above and behind their property." Appellants sought coverage, alleging that their property damage was caused by three covered perils: third party negligence, weather conditions alone, and/or collapse. Hartford denied coverage. Appellants sued, bringing causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and other causes of action. Hartford's motion for judgment on the pleadings was granted with leave to amend. Appellants chose not to amend and the case was dismissed.

The essential question before the trial court, and before us on this appeal, is whether appellants' complaint sufficiently alleged that they suffered covered losses. Since the scope of coverage under an all risk homeowners policy includes all risks except those specifically excluded by the policy (*State Farm Fire & Casualty v. Von Der Leith* (1991) 54 Cal.3d 1123, 1131 [2 Cal.Rptr.2d 183, 820 P.2d 285, 30 A.L.R.5th 786]), we are for the most part concerned with exclusions. After a de novo review (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co.* (1996) 44 Cal.App.4th 194, 198 [51 Cal.Rptr.2d 622]) we find that appellants did not state a cause of action for loss caused by collapse, since collapse was not a cause of loss. We further agree with Hartford that the policy excludes coverage for loss caused by third party negligence. However, we agree with appellants that the policy covers loss caused by weather conditions and that the policy provision which seeks to exclude loss caused by weather in combination with an uncovered cause of loss violates Insurance Code section 530.[1] (*Garvey v. State Farm*

---

[1]That statute provides that "An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss. . . ." (Ins. Code, § 530.)

*Fire & Casualty Co.* (1989) 48 Cal.3d 395, 403 [257 Cal.Rptr. 292, 770 P.2d 704].) We thus reverse the dismissal.[2]

In the unpublished portions of this opinion, we discuss appellants' causes of action based on breach of the liability coverage portions of the policy, as well appellants' other causes of action.

## APPELLANTS' EARLIER MOTION FOR SUMMARY ADJUDICATION*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

Appellants' complaint alleged that their home was damaged "as a result of a slope failure above and behind their property which fell down on them," and that "the efficient proximate causes of the slope failure were (a) third party negligence, (b) weather conditions alone; and/or (c) collapse," all of which appellants alleged were covered perils.[5] We consider each alleged cause, beginning with the one of most interest, weather conditions.

### Weather Conditions

We first address Hartford's argument that appellants did not state any cause of action based on coverage for loss caused by weather conditions, because the complaint alleges that weather conditions were the proximate cause of the slope failure, not that weather conditions were the proximate cause of the damage to their house. We agree that appellants' pleading and proof burden concerns the proximate cause of damage to their home, not the slope, since the policy covers structures, not land. However, on review of a grant of judgment on the pleadings, we give the complaint a reasonable interpretation by reading it as a whole and all of its parts in their context. (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co., supra,* 44 Cal.App.4th at p. 198.) On such a reading, the import of the complaint is clear: appellants alleged that weather conditions were the efficient proximate cause of their loss, because weather caused the slope to fail.

---

[2]Hartford employee Christina Williams was named as a defendant in two causes of action, for elder abuse and for intentional infliction of emotional distress. In the unpublished portion of this opinion, we find that appellants did not state a cause of action on either theory. We thus affirm the dismissal as to Williams.

*See footnote, *ante,* page 645.

[5]Since this is a review of a grant of judgment on the pleadings, all facts alleged in the complaint are deemed admitted. (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co., supra,* 44 Cal.App.4th at p. 198.) Since appellants were given leave to amend and elected not to, we presume that the complaint states as strong a case as is possible. (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 585 [88 Cal.Rptr.2d 184].)

This brings us to the central question. Under California law, where a loss occurs through a concurrence of covered perils and perils that are not covered, the insurer is liable if a covered peril is the efficient proximate cause, also described as the predominating cause, of the loss.[6] (*Garvey v. State Farm Fire & Casualty Co., supra,* 48 Cal.3d at p. 403.) Both parties cite this rule and agree that earth movement is an excluded peril. They disagree on another question: is loss caused by weather excluded by this policy?

In a section titled "Exclusions," the policy provides that "We do not insure against loss to property . . . caused by any of the following. . . . [¶] (a) Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss."

On a careful reading of this clause, it is apparent that despite the title of the section, weather conditions are not an excluded cause of loss. To the contrary, under the terms of the purported exclusion, loss caused by weather conditions *is* covered, so that Hartford would be clearly obligated to pay if appellants' house had been damaged by rain or wind. What the "exclusion" seeks to do is to exclude loss caused by a combination of weather conditions and an excluded cause of loss such as earth movement. To the extent that the "exclusion" would exclude loss *proximately* caused by weather conditions, it violates Insurance Code section 530 and the long-standing principle that a property insurer is liable whenever a covered risk is the proximate cause of a loss, and is unenforceable.

*Howell v. State Farm Fire & Casualty Co.* (1990) 218 Cal.App.3d 1446, 1453-1454 [267 Cal.Rptr. 708] is on point. In that case, which reached the Court of Appeal after summary judgment, the insureds' property was located on a slope. Fire destroyed the vegetation, the slope failed after heavy rains, and the insured's home and rental property were damaged. State Farm denied coverage based on a policy exclusion for loss which would not have occurred in the absence of earth movement, water damage, and other excluded perils. The policy specified that the loss was excluded regardless of the cause of the excluded event, other causes of loss, or whether the other causes acted concurrently or in any sequence with the excluded event.

The Court of Appeal succinctly stated the issue and its holding: "Stated simply, the important question presented by this case is whether a property

---

[6]The efficient proximate cause analysis applies when two or more distinct actions, events or forces combined to create the damage. (*Chadwick v. Fire Ins. Exchange* (1993) 17 Cal.App.4th 1112, 1117 [21 Cal.Rptr.2d 871].) The parties do not dispute that this is such a case.

insurer may contractually exclude coverage when a covered peril is the efficient proximate cause of the loss, but an excluded peril has contributed or was necessary to the loss. We conclude that a property insurer may not limit its liability in this manner, since the statutory and judicial law of this state make the insurer liable whenever a covered peril is the 'efficient proximate cause' of the loss, regardless of other contributing causes. Consequently, the policy exclusions at issue in this case are not enforceable to the extent they conflict with California law." (*Howell v. State Farm Fire & Casualty Co.,* *supra,* 218 Cal.App.3d at p. 1452, fn. omitted.) The court also determined that on the facts before it, there was a triable issue on whether fire, a covered peril, was the efficient proximate cause of the insured's loss.

Like the insurer in *Howell*, Hartford has attempted to exclude coverage for losses for which the efficient proximate cause is a covered peril, weather conditions. As in *Howell*, the attempt must be unavailing.

We are aware that in *Findlay v. United Pacific Ins. Co.* (1996) 129 Wash.2d 368 [917 P.2d 116, 119], the Supreme Court of Washington ruled that a weather conditions clause like the one before us here did not violate that state's proximate cause rule. In *Findlay*, the insureds' home was damaged when the slope behind it failed. The parties agreed that the efficient proximate cause of the loss was wind and rain. The court based its ruling on a finding that loss caused by weather conditions was excluded from the policy, stating that "the policy excludes loss caused by weather conditions, but then adds back or restores coverage for losses caused by weather which does not occur in concert with one of the policy's other stated exclusions." (*Id.* at p. 379 [917 P.2d at pp. 121-122].)

We simply do not agree with that reading of the weather conditions clause, which in our view elevates form over substance. As we read the clause, the policy covers loss caused by weather conditions and restricts coverage only where an excluded cause contributes to the loss. The fact that the insurer which drafted the clause chose to couch it as an exclusion does not make it one. The *Findlay* court was impressed with the language of the insurance policy, which in its view expressed the "clear intent of the parties" that landslides would not be covered. (*Findlay v. United Pacific Ins. Co.,* *supra,* 129 Wash.2d at pp. 379-380 [917 P.2d at p. 122].) We do not see clear evidence of intent in this policy's convoluted language. Further "even clear and unambiguous language is insufficient to alter the deeply entrenched proximate cause analysis." (*Howell v. State Farm Fire & Casualty Co., supra,* 218 Cal.App.3d at p. 1456, fn. 5.)

Appellants thus sufficiently stated a cause of action for breach of the insurance policy. Their cause of action for bad faith alleged bad faith denial

of both property and liability coverage, as well as a number of other acts of alleged bad faith. As to this cause of action, Hartford's motion relied on the proposition that there cannot be bad faith where there is no coverage (*California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1986) 184 Cal.App.3d 1428, 1433 [229 Cal.Rptr. 409]) and argued that appellants failed to state a cause of action for bad faith since they had failed to state a cause of action for breach of contract. Since we have found that appellants did state a cause of action for breach of the property portion of the contract, we find that appellants stated a cause of action for bad faith.

### Third Party Negligence

■ In an endorsement, the policy excludes coverage for loss caused by third party negligence. Contrary to appellants' argument, we find the endorsement sufficiently conspicuous, plain, and clear, in that "it is positioned and printed in a form which adequately attracts the reader's attention to the limitation," and that the language is sufficiently "precise and understandable." (*Feurzeig v. Insurance Co. of the West* (1997) 59 Cal.App.4th 1276, 1283 [69 Cal.Rptr.2d 629].) This endorsement sets forth a number of excepted perils and provides in bold print that "we do not cover or insure against loss caused by, resulting from, contributing to or aggravated by" the listed perils, which are described in sufficient detail. It is true that the endorsement is not found in the main body of the policy. However, the cover sheet to the policy admonishes policy holders to "read your policy carefully," and specifies that "Amendatory endorsements may be attached to your policy to modify these provisions or provide you with additional coverage(s)." The exclusion itself is found on a sheet which is headed "Amendatory Endorsement," with the subheading, in somewhat smaller type but all capital letters, "Specifically Excepted Perils." The entire endorsement is only a page long, is in type of a reasonable size, and includes boldface, all-capital subheadings.

Appellants' coverage argument here is based an on exception to the exclusion. That exception provides that if the policy is an all risk policy such as this one, the exclusion does not reduce the insurance for a loss caused directly "by any peril not otherwise excepted or excluded from this policy." We see no violation of the efficient proximate cause rule in this exclusion. To the contrary, the clause seems to recite a version of that rule by providing that where a loss is caused by a covered peril, the existence of third party negligence as another cause does not limit coverage.

Appellants argue that third party negligence is covered since it is not "*otherwise* excepted or excluded," that is, excluded in another part of the

policy. We cannot see that the policy requires yet another exclusionary provision to exclude loss caused by third party negligence.

### Collapse

■ We agree with Hartford that as to damage to appellants' house, collapse is not a cause of loss—it is the damage itself. Appellants find coverage for collapse in the fact that the policy excludes coverage for collapse caused by flood. They argue that since collapse caused by flood is excluded, collapse caused by anything else is covered. This argument ignores the fact that the collapse exclusion specifies that it applies "if collapse of buildings or structures is specifically named elsewhere in this policy as a peril insured against." It is named as such a peril in the personal property coverage. Thus, the policy covers loss to personal property caused by collapse unless the collapse is due to a flood. Nothing in the exclusion can be read as a grant of coverage for collapsed buildings.

### Breach of Contract: Liability Coverage*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The judgment is reversed as to Hartford and affirmed as to Williams. Each party to bear its own costs on appeal.

Turner, P. J., and Willhite, J.,† concurred.

Respondents' petition for review by the Supreme Court was denied December 12, 2001. Baxter, J., Brown, J., and Moreno, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 645.

†Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.