123 Cal.Rptr.2d 767 (2002)
100 Cal.App.4th 811
Frank JULIAN et al., Plaintiffs and Appellants,
v.
HARTFORD UNDERWRITERS INSURANCE COMPANY, Defendant and Respondent.
No. B149088.
Court of Appeal, Second District, Division Seven.
July 30, 2002.
Review Granted October 30, 2002.
*769 Kim H. Pearman, Van Nuys, and Robert L. Pearman for Plaintiffs and Appellants.
Ropers, Majeski, Kohn & Bentley and Todd A. Roberts, Redwood City, and Kevin G. McCurdy, San Jose, for Defendant and Respondent.
*768 PERLUSS, J.
Plaintiffs Frank and Carole Julian's home was damaged when heavy rainfall caused slope failure above and behind their property. The Julians submitted to their homeowners insurer, Hartford Underwriters Insurance Company, a claim for benefits to cover the loss. Hartford denied their claim, determining their policy excluded each of the possible causes of the loss: landslide, weather conditions and third-party negligence. The Julians sued Hartford for breach of contract and various related torts.
*770 Under statutory and well-settled decisional law, an insurer owes policy benefits to an insured if the "efficient proximate cause" of the insured's loss is a covered peril, even when other excluded perils contribute to the loss. (Ins.Code, § 530[1] see, e.g., Sabella v. Wisler (1963) 59 Cal.2d 21, 27 Cal.Rptr. 689, 377 P.2d 889 [insurer required to pay for loss when efficient proximate cause of the loss was a covered peril (negligent installation of sewer line) even though an excluded peril (land subsidence) was a contributory cause of the loss].) The efficient proximate cause of a loss is the "predominating cause" of a loss. (Garvey v. State Farm Fire & Casualty Co. (1989) 48 Cal.3d 395, 403, 257 Cal.Rptr. 292, 770 P.2d 704; see Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2001) ¶ 16:135.1 [explaining efficient proximate cause as the predominating cause, that is, the most important cause of the loss].) If more than one peril contributes to a loss, the question which is the efficient proximate cause generally is a factual matter for the jury to resolve. (Garvey, at p. 413, 257 Cal.Rptr. 292, 770 P.2d 704.) But, when all of the perils contributing to the loss, in other words, all of the possible efficient proximate causes, are excluded under the insured's policy, judgment for the insurer can be entered as a matter of law. (See Brodkin v. State Farm Fire & Casualty Co. (1989) 217 Cal. App.3d 210, 265 Cal.Rptr. 710.)
The trial court granted summary judgment for Hartford. We affirm because the Julians' policy contained an exclusion for each of the possible efficient proximate causes of their loss. Regardless of which cause might be determined to be the efficient proximate cause, Hartford does not owe policy benefits to the Julians as a matter of law.

FACTUAL AND PROCEDURAL BACKGROUND

1. The Julians' All-Risk Policy's Coverage Provisions and Exclusions.
The Julians own a home on Maiden Avenue in West Hills, California. They purchased from Hartford an all-risk homeowners insurance policy, which took effect on August 14, 1995 and was renewed in subsequent years.
Their policy covered the dwelling (Section 1, Coverage A) and other structures (Section 1, Coverage B) on the residence premises. The policy stated: "We insure against risks of direct physical loss to property described in Coverage A and B unless the loss is: [¶] 1. excluded under Section 1Exclusions; or [¶] 2. caused by [a number of perils not at issue here]."
In Section 1Exclusions, the policy provided: "1. We do not insure against loss caused directly or indirectly by any of the following. . . .: [¶] ... [¶] b. Earth Movement, [including] ... landslide...." The same exclusions section also stated: "2. We do not insure against loss to property described in Coverages A and B caused by any of the following .... a. Weather Conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above [including earth movement] to produce the loss...."
The policy contained an amendatory endorsement entitled "Specifically Excepted Perils," which was identified on both the declarations page and cover sheet. It defined "peril" as "a cause ... of direct physical loss to the property covered" and listed additional perils that were excluded from coverage under the policy, including third-party negligence and collapse due to flood.

*771 2. The Damage to the Julians' Home and Hartford's Denial of Their Claim.

According to the Julians, on February 13, 1998 their home was partially destroyed and collapsed as a result of a slope failure above and behind their property. They submitted a claim for policy benefits to Hartford, which investigated the loss. The engineers retained by Hartford found the cause of the loss was a landslide triggered by heavy rainfall in the El Nino storms. They also concluded substandard work of a developer might have contributed to the slope failure. Because Hartford determined that the policy excluded the perils of landslide, weather conditions and third-party negligence, it denied the Julians' claim.

3. The Julians' Complaint and Hartford's Motion for Summary Judgment.
The Julians sued Hartford for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress and declaratory relief.[2] They alleged that the efficient proximate cause of the damage to their home was either (1) third-party negligence by neighbors occupying the house above and behind theirs and by contractors who worked on that property, resulting in a leak in the water system and illegal and improper construction and maintenance of the slope; (2) weather conditions alone; or (3) collapse not due to flood.[3] They asserted that each of those perils was covered under their all-risk policy.
Hartford moved for summary judgment, arguing the Julians were not entitled to benefits because their policy excluded the perils of landslide, weather conditions and third-party negligence and the Julians had presented no evidence to show the collapse of their home caused the loss. The trial court agreed, granting summary judgment and entering judgment in Hartford's favor.
The Julians filed a timely notice of appeal.

CONTENTIONS
The Julians contend they are entitled to policy benefits because the efficient proximate cause of their loss was weather conditions alone, which they assert was a covered peril. In addition, the Julians maintain benefits are due to them because the cause of their loss was third-party negligence, which they also assert was covered by their policy.[4]

*772 DISCUSSION

1. Standard of Review.
The standard of review on appeal after an order granting summary judgment is well settled. "A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proa, § 437c, subd. (c).) We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. (Artiglio v. Corning Inc. (1998) 18 Cal.4th 604, 612, 76 Cal.Rptr.2d 479, 957 P.2d 1313.) In the trial court, once a moving defendant has `shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established,' the burden shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff `may not rely upon the mere allegations or denials of its pleadings ... but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action ....' (Code Civ. Proa, § 437c, subd. (o)(2); see Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 854-855, 107 Cal.Rptr.2d 841, 24 P.3d 493.)" (Merrill v. Navegar, Inc. (2001) 26 Cal.4th 465, 476-477, 110 Cal.Rptr.2d 370, 28 P.3d 116.)
Moreover, "[t]he interpretation of an insurance policy presents a question of law when the underlying facts are undisputed. [Citation.] We recognize that an appellate court is not bound by the trial court's interpretation of the policy and that it must independently review [the policy], aware that when an insurer seeks summary judgment on the ground the claim is excluded, the burden is on the insurer to prove that the claim falls within an exclusion. [Citation.]" (Brodkin v. State Farm Fire & Casualty, supra, 217 Cal.App.3d at p. 216, 265 Cal.Rptr. 710.)

2. The Doctrine of Efficient Proximate Cause.
Under an "all risk" homeowners insurance policy, all risks are covered except those specifically excluded by the policy. (State Farm Fire & Casualty Co. v. Von Der Lieth (1991) 54 Cal.3d 1123, 1131, 2 Cal.Rptr.2d 183, 820 P.2d 285.) The insurer owes policy benefits to the insured if the efficient proximate cause of the loss is a covered peril, even when other specifically excluded perils contribute to the loss; but the insurer does not owe benefits when an excluded peril is the efficient proximate cause of the loss. (Id. at pp. 1131-1132, 2 Cal.Rptr.2d 183, 820 P.2d 285 ["scope of coverage under an all-risk homeowner's policy includes all risks except those specifically excluded by the policy. When a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss. [Citation.] ... [T]he loss is not covered if the covered risk was only a remote cause of the loss, or the excluded risk was the efficient proximate, or predominate cause. [Citation.]"]; see § 530 ["An insurer is liable for a loss of which a peril insured against was the proximate cause, although *773 a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause"]; Howell v. State Farm Fire & Casualty Co. (1990) 218 Cal.App.3d 1446, 267 Cal.Rptr. 708 [insurer required to cover loss where the efficient proximate cause was fire (a covered peril), even though heavy rains and landslide (both excluded perils) also contributed to the loss].)
Generally, the cause of the loss is a factual question. (State Farm Fire & Casualty Co. v. Von Der Lieth, supra, 54 Cal.3d at p. 1132, 2 Cal.Rptr.2d 183, 820 P.2d 285.) However, "even where the parties may disagree over the factual question of proximate cause, summary judgment is still proper if all of the alleged causes of the loss are excluded under the policy." (Brodkin v. State Farm Fire & Casualty Co., supra, 217 Cal.App.3d at p. 217, 265 Cal.Rptr. 710.)

3. Summary Judgment for Hartford Was Proper Because Each of the Possible Efficient Proximate Causes of the Julians' Loss Was Excluded Under Their Policy.

a. Landslide
It is undisputed that one of the causes contributing to the Julians' loss was landslide. It also is undisputed that the Julians' policy contained an exclusion for earth movement, including landslide. Thus, if a landslide is determined to be the efficient proximate cause of the Julians' loss, they are not entitled to policy benefits as a matter of law.

b. Weather Conditions
It is undisputed that another of the causes contributing to the Julians' loss was weather conditions in the form of heavy rainfall. It also is undisputed that the Julians' policy contained a provision in the exclusions section stating: "We do not insure against loss to property described in Coverages A and B caused by any of the following.
... [¶] a. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above [including earth movement] to produce the loss."
The Julians contend this provision is a coverage provision. According to the Julians, because weather conditions are covered under their policy, Hartford owes them policy benefits if weather conditions are determined to be the efficient proximate cause of their loss, regardless of the contribution of other causes excluded by the policy. The Julians argue any other interpretation of the provision would violate the efficient proximate cause doctrine and section 530. Division Five of our district agreed with this analysis in Palub v. Hartford Underwriters Ins. Co., supra, 92 Cal.App.4th 645, 112 Cal.Rptr.2d 270 (Palub).
Hartford asserts the weather conditions provision is an exclusion that restores coverage to the insured under certain circumstances and argues the efficient proximate cause doctrine does not mandate coverage because both contributing perilslandslide and weather conditionsare excluded under the policy. According to Hartford, it is free to exclude a category of peril from its policy and then restore coverage in certain circumstances without transforming an exclusion into a coverage provision. We agree with Hartford.
A property insurer may exclude a category of peril from coverage under its policy. "In the property insurance context, the insurer and the insured can tailor the policy according to the selection of *774 insured and excluded risks and, in the process, determine the corresponding premium to meet the economic needs of the insured." (Garvey v. State Farm Fire & Casualty, supra, 48 Cal.3d at p. 408, 257 Cal.Rptr. 292, 770 P.2d 704.) For example, in Butki v. United Services Automobile Association (1990) 225 Cal.App.3d 464, 274 Cal.Rptr. 909, an insured suffered a loss due to corrosive soils; the insurer denied the claim for benefits based on the policy's exclusion for deterioration and wear and tear. The insured argued the exclusion was contrary to law and public policy. The court rejected that argument, finding "an insurer may exclude loss caused by certain perils from coverage, and nothing in the nature of an `all risk' policy, Supreme Court precedents, or Insurance Code section 530 suggests an insurer is precluded from excluding losses caused by deterioration and wear and tear." (Id. at pp. 467-468, 274 Cal.Rptr. 909.)
Moreover, an insurer can exclude a specific category of peril and then restore a certain amount of coverage through an exception to the exclusion. (See, e.g., Aydin Corp. v. First State Ins. Co. (1998) 18 Cal.4th 1183, 1192, 77 Cal. Rptr.2d 537, 959 P.2d 1213 [sudden and accidental exception to pollution exclusion].) In such circumstances the exclusion does not operate as a grant of coverage. The exception to the exclusion merely "serves to `reinstate coverage' where it would not otherwise exist." (Ibid.; see St. Paul Fire & Marine Ins. Co. v. T.M. Coss (1978) 80 Cal.App.3d 888, 896, 145 Cal.Rptr. 836 [an "exclusion cannot act as an additional grant or extension of coverage. The exception to exclusion (a) [in the insured's policy] merely removes breach of implied warranty of fitness, quality, or workmanship from the specific exclusion relating to contractual liability"].)
Based on these principles, the weather conditions provision in the Julians' policy is properly characterized as an exclusion, not as a coverage provision. Hartford was free to deem weather conditions a category of peril excluded by the policy. It made its decision to do so clear and unambiguous by listing weather conditions as an excluded peril in the exclusions section of its policy. Indeed, the Julians do not suggest Hartford is precluded from writing its insurance policy to exclude weather conditions under all circumstances. Hartford also was free to restore a certain amount of coverage to the insured when the circumstances under the exception to the weather conditions exclusion were satisfied. The fact that the exclusion contained an exception did not transform it into a coverage provision. As an exclusion, the weather conditions provision cannot serve as a grant of coverage permitting the Julians to recover on their claim under the efficient proximate cause doctrine. (See Waldsmith v. State Farm Fire & Casualty Co. (1991) 232 Cal.App.3d 693, 698, 283 Cal.Rptr. 607 [unnecessary to reach issue whether policy violated efficient proximate cause doctrine when both the stipulated efficient proximate cause (negligent maintenance by the city of the water main) and the ultimate cause of the loss (landslide) were excluded perils].)
The Washington Supreme Court, in Findlay v. United Pacific Ins. Co. (1996) 129 Wash.2d 368, 917 P.2d 116, 117 (Findlay), interpreted a weather conditions provision virtually identical to the one in the Julians' policy to deny coverage when weather combined with an excluded peril to cause the insureds' loss. In Findlay rain and wind caused a landslide, which resulted in structural damage to the insureds' summer cabin. Their policy excluded both earth movement and weather *775 conditions. The weather conditions provision contained an exception to the exclusion. The insureds argued, as do the Julians here, that the insurer's attempt to exclude weather conditions, when accompanied by another excluded peril such as earth movement, violated the efficient proximate cause doctrine. The court disagreed, finding "the clause concerning losses caused by weather conditions is contained in the exclusions section of the policy. The language and the structure of the policy communicate an intent to exclude coverage when weather combined with earth movement to cause a loss." (Id. at p. 120.) The court concluded: "If the efficient proximate cause, the cause that triggers other causes to result in a loss, is a specifically named, unambiguous excluded peril in the policy, we will not mandate coverage. We will not, under the guise of public policy, rewrite a clear contract between the parties." (Id. at p. 122.)[5]
Division Five in Palub, interpreting the same weather conditions provision at issue here, held the weather conditions clause was a coverage provision: "As we read the clause, the policy covers loss caused by weather conditions and restricts coverage only where an excluded cause contributes to the loss. The fact that the insurer which drafted the clause chose to couch it as an exclusion does not make it one." (Palub, 92 Cal.App.4th at p. 651, 112 Cal. Rptr.2d 270; id. at p. 650, 112 Cal.Rptr.2d 270 ["On a careful reading of [the weather conditions clause], it is apparent that despite the title of the section, weather conditions are not an excluded cause of loss"].) As a result, it concluded "Hartford has attempted to exclude coverage for losses for which the efficient proximate cause is a covered peril, weather conditions" and declined to enforce the weather conditions provision. (Id, at p. 651, 112 Cal.Rptr.2d 270)
We believe Palub gives insufficient weight to the rule that a provision in the exclusions section of a policy does not create coverage, and an exception to an exclusion merely restores coverage where it would otherwise not exist. (See Aydin, Corp. v. First State Ins. Co., supra, 18 Cal.4th at p. 1192, 77 Cal.Rptr.2d 537, 959 P.2d 1213; St. Paul Fire & Marine Ins. Co. v. T.M. Coss, supra, 80 Cal.App.3d at p. 896, 145 Cal.Rptr. 836.) Moreover, characterizing the weather conditions provision as an exclusion does not provide an insurer the means to deny a claim because some excluded peril contributed to a loss in a small way, the problem the efficient proximate cause doctrine is designed to forestall. (See Palub, 92 Cal.App.4th at pp. 650-651, 112 Cal.Rptr.2d 270.) As the Findlay court found: "This is not a case where the efficient proximate cause rule is being circumvented by disallowing coverage any time an excluded event occurs in the chain of causation, even when the triggering cause of the loss is a covered risk. In this case, the proximate cause of the loss was a named, excluded peril. Weather conditions are specifically excluded whenever they combine with earth movement to produce a loss. The policy is unambiguous as to what was covered and what was excluded from coverage." (Findlay, 917 P.2d at p. 120.) Indeed, Palub runs the risk of the opposite problem: "[I]f the insurer is expected to cover claims that are outside the scope of the first party property loss policy, an `all risk' *776 policy would become an `all loss' policy. [Citation.] In most instances, the insured can point to some arguably covered contributing factor." (Garvey v. State Farm Fire & Casualty, supra, 48 Cal.3d at p. 408, 257 Cal.Rptr. 292, 770 P.2d 704.)
Palub also produces an anomalous result. Its effect is that insurers will now write their policies with an absolute exclusion for weather conditions, thereby affording less coverage to insureds. The policy's exclusion of "losses caused by weather conditions" and then restoration of coverage for "losses caused by weather which do[ ] not occur in concert with one of the policy's other stated exclusions ... provides greater protection for a policyholder than would be enjoyed under an absolute weather exclusion. If an exclusion for weather conditions does not violate any public policy [as the parties agreed], then an exclusion for only some instances of weather loss cannot violate public policy." (Findlay, 917 P.2d at pp. 121-122.) We decline to reach a result in this case that well motivates an insurer to write a broader-than-necessary exclusion to exclude a specific kind of loss.[6]
In sum, the weather conditions provision in the Julians' policy was an exclusion that merely restored coverage under certain circumstances. It did not mandate coverage under either the efficient proximate cause doctrine or section 530. Because weather conditions were an excluded peril, the Julians as a matter of law are not entitled to benefits for their loss caused by a combination of heavy rainfall and earth movement.[7]

c. Third-Party Negligence

The Julians also argue summary judgment was improper because there is a triable issue of fact whether third-party negligence could have been the efficient proximate cause of their loss. As with both landslide and weather conditions, however, whether third-party negligence might be determined to be the efficient proximate cause of the Julians' loss is immaterial because third-party negligence also was excluded by their policy.[8]
The Julians attempt to avoid the effect of the third-party negligence exclusion *777 by arguing an exception to the exclusion is ambiguous. That exception provided, in the case of an all-risk policy such as the Julians', the third-party negligence exclusion would not apply to a loss "caused directly ... by any peril not otherwise or [sic] excepted or excluded from this policy." As Division Five found in Palub, this language simply set forth Hartford's recognition of the efficient proximate cause rule and section 530: If third-party negligence combined with another peril that was the efficient proximate cause of an insured's loss, and that other peril was not excepted or excluded under the policy, the loss would be covered, regardless of the third-party negligence exclusion. (Palub, 92 Cal.App.4th at p. 652, 112 Cal.Rptr.2d 270.)
The Julians also argue the amendatory endorsement's use of the words "otherwise excepted or excluded" means that third-party negligence cannot be excluded unless it is mentioned as an exclusion in another part of the policy. The Julians stretch the language in the exclusion to make this argument. An insurer need not exclude a peril twice within a policy to successfully limit coverage. (See Palub, 92 Cal.App.4th at p. 652-653, 112 Cal.Rptr.2d 270 ["We cannot see that the policy requires yet another exclusionary provision to exclude loss caused by third party negligence"].)[9]
In the trial court the Julians argued the third-party negligence exclusion should not be enforced because the amendatory endorsement was not conspicuous, plain or clear. In their opening brief the Julians make that statement but do not present any argument on the point. Then, in their reply brief, they explain for the first time why they contend the amendatory endorsement is not sufficiently conspicuous to be readily apparent to the insured. The issue has not been properly raised. (Schaeffer Land Trust v. San Jose City Council (1989) 215 Cal.App.3d 612, 619, fn. 2, 263 Cal.Rptr. 813 ["`A point which is merely suggested by [a party's] counsel, with no supporting argument or authority, is deemed to be without foundation and requires no discussion.' [Citation.]"]; Neighbours v. Buzz Gates Enterprises (1990) 217 Cal.App.3d 325, 335, fn. 8, 265 Cal.Rptr. 788. ["`points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before'"].)
*778 In any event, we agree with Division Five in Palub that the amendatory endorsement is "sufficiently conspicuous, plain, and clear, in that `it is positioned and printed in a form which adequately attracts the reader's attention to the limitation,' and that the language is sufficiently 'precise and understandable.' [Citation.] This endorsement sets forth a number of excepted perils and provides in bold print that `we do not cover or insure against loss caused by, resulting from, contributing to or aggravated by' the listed perils, which are described in sufficient detail. It is true that the endorsement is not found in the main body of the policy. However, the cover sheet to the policy admonishes policy holders to `read your policy carefully,' and specifies that `Amendatory endorsements may be attached to your policy to modify these provisions or provide you with additional coverage(s).' The exclusion itself is found on a sheet which is headed `Amendatory Endorsement,' with the subheading, in somewhat smaller type but all capital letters, `Specifically Excepted Perils.' The entire endorsement is only a page long, is in type of a reasonable size, and includes bold, all-capitals subheadings." (Palub, 92 Cal.App.4th at p. 652, 112 Cal.Rptr.2d 270.)
As a matter of law, therefore, Hartford did not breach the insurance policy by denying benefits to the Julians under the third-party negligence exclusion.

4. Because Hartford Did Not Breach the Insurance Policy, Summary Judgment Was Proper on the Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing
Because we hold Hartford did not breach the insurance policy, the bad faith cause of action necessarily fails as well. (See Waller v. Truck Ins. Exchange, Inc. (1995) 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370, 900 P.2d 619 ["Absent th[e] contractual right [to policy benefits] ..., the implied covenant has nothing upon which to act as a supplement, and `should not be endowed with an existence independent of its contractual underpinnings' [Citation.]"]; Love v. Fire Ins. Exchange (1990) 221 Cal. App.3d 1136, 1151, 271 Cal.Rptr. 246 ["Where benefits are withheld for proper cause, there is no breach of the implied covenant"]; Brodkin v. State Farm Fire & Casualty Co., supra, 217 Cal.App.3d at p. 218, 265 Cal.Rptr. 710 ["Even if there was evidence the claim was improperly handled, there could be no cause of action for breach of the covenant of good faith ... since [the insurer] correctly denied the claim"].)

DISPOSITION
The judgment in Hartford's favor on all causes of action is affirmed. The parties shall bear their own costs on appeal.
I concur: LILLIE, P.J.
JOHNSON, J., dissenting.
I respectfully dissent. I agree with the principle evidently underlying Division Five's dictum in Palub v. Hartford Underwriters Ins. Co.,[1] interpreting the very same clause in the very same insurance company's "all risks" policythe principle an insurance company should not be allowed to write its way around the statutory "efficient proximate cause" rule. Otherwise clever draftsmanship can thwart *779 the legislative policy behind Insurance Code section 530.
Just as a reminder, section 530 provides, "[a]n insurer is liable for loss of which a covered peril insured against was the proximate cause."[2] Where there is a concurrence of different causes, "`the efficient causethe one that sets others in motionis the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster.'"[3] In the case before this court, the weatherthe violent El Nino rainstormswas the "efficient proximate cause" with the ensuing landslide but one in a chain of events culminating in the collapse of the Julians' home. The Hartford policy insures losses caused by weather and consequently is liable under the "efficient proximate cause" rule for the damages the Julians' house suffered.
Hartford attempted to avoid the "efficient proximate cause" rule by essentially redefining the "efficient proximate cause" as a combination of weather, a covered cause, and one or the other of a series of other "causes," which it excluded from coverage. This is a creative exercise in contract drafting, but one that runs afoul of section 530 and the public policy it declares. Other insurance companies have failed with similar attempts.
In Sabella v. Wisler, a ruptured sewer line emptied water into the negligently constructed foundation of plaintiffs' home.[4] As a result, the plaintiffs' home settled to uneven elevations to such an extent the foundation and walls cracked. The plaintiffs' insurance policy agreed to insure against all risks of physical loss except as provided in its exclusion section, which did not insure against loss caused by settling, cracking, or expansion of foundations, walls, or floors. The insurance company argued it was not liable for coverage since the cause of the loss was the settling and cracking. The California Supreme Court held the efficient proximate cause of the loss was the ruptured sewer line attributable to third party negligence (a covered peril) rather than settling or cracking (excluded perils).[5] It further held an insurer cannot escape liability under section 532 where a covered peril is the efficient proximate cause of the loss just because an excepted peril is in the chain of causation.[6]
Similarly, in Sauer v. General Ins. Co. of America, a water pressure pipe underneath the dwelling sprung a leak and caused the earth underneath the house to become soaked and muddy[7] thereby damaging the plaintiffs' home. This caused the foundation walls and floors to crack and settle. The insurance policy insured against accidental discharge, leakage or overflow of water from within a plumbing system. But the policy excluded "loss caused by, resulting from, contributed to or aggravated by any earth movement, including . . . earth sinking...." [8] The court, relying on Sabella, held the efficient proximate cause of the loss was the damaged *780 water pressure pipe (a covered peril) and the subsequent earth sinking (an excluded peril) as a result did not relieve the insurance company of liability.[9]
In Gillis v. Sun Ins. Office, Ltd.,[10] like the instant case, the culprit was weather. A windstorm uplifted a gangway, sending it crashing back down on the insured's docking facility causing the dock to sink into the water.[11] The insurance policy "`insured the said docking facility against loss or damage caused by wind,'" and excluded coverage for "`loss occurring to the docking facility caused by water or damage from, contributed to or aggravated by surface water or waves.'" [12] The insurance company argued the water and waves contributed to and aggravated the damage and thus it was not liable to provide coverage under the policy. The appellate court disagreed. It found the wind was the efficient proximate cause of the loss and the contribution and aggravation of damages from the water did not defeat recovery.[13]
Nor can an insurer avoid the "efficient proximate cause" rule through clever draftsmanship even when an excluded peril was necessary to the loss.[14] In Howell v. State Farm Fire and Casualty Co.,[15] a fire destroyed vegetation on a slope and significantly decreased the slope's ability to withstand severe rainfall. Later, the slope failed and a landslide occurred, damaging the insured's home. The insurance policy excluded coverage for landslides but covered fire. Similar to Hartford's policy in this case, the State Farm policy in Howell specifically excluded coverage for loss caused by a covered peril where an excluded cause or event contributed to the loss, regardless of concurrent or preceding causes.[16] Thus, regardless of the "efficient proximate cause" of the damage, under the terms of this policy, the mere fact the landslide contributed to the insured's loss automatically resulted in denial of the plaintiffs claim.
The insurance company denied coverage to Howell since the landslide, an excluded peril, contributed to the loss along with the preceding fire, a covered peril.[17] The Howell court, however, refused to enforce the contract language because it conflicted with the public policy behind section 530 by eliminating coverage where a covered peril was the efficient proximate cause of the loss. The court effectively struck the language denying coverage where an excepted peril combined with a covered peril to cause a loss.
In the case before this court, the policy excludes coverage where "weather" contributes in any way with an excluded cause *781 or event ("earth movement") to produce the loss. This language is similar in meaning to the language in Sauer, Gillis, and Howell, where coverage was denied when an excluded peril contributed to or aggravated the damage.
The Sauer, Gillis, and Howell policies deny coverage for all covered perils whenever an excluded peril contributes to or aggravates the loss. In this case, the Hartford policy denies coverage only for weather whenever an excluded peril contributes to produce the loss. This represents a clear intent and effort on Hartford's part to exclude coverage when loss is caused by weather coupled with an excluded peril. The court found this sort of language in the Sauer, Gillis, and Howell policies unenforceable because it violated section 530, not because it lacked specificity in identifying certain combinations of excluded and covered perils where coverage would not exist. Hartford's specificity in drafting its policy does not render it valid under section 530. The language still operates contrary to section 530.
Hartford improperly characterizes two separate causes as a single, "efficient proximate cause" to form an excluded peril. Where there is a concurrence of different causes, "`the efficient causethe one that sets others in motionis the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster.'"[18] In this case, Hartford characterizes the "excluded peril" as weather plus earth movement, thus there is no superficial conflict between section 530 and Hartford's policy, because section 530 only mandates coverage when a "covered peril," not "excluded peril," is the efficient proximate cause of the loss. Since there can only be one "efficient proximate cause," these two events cannot be an efficient proximate cause. They are different concurring causes producing the loss. Weather and earth movement cannot be merged into a single "efficient proximate cause" to avoid providing coverage. Hartford, in drafting its policy, is attempting to rewrite the law of causation as well as the law itself.
Hartford incorrectly labels its weather conditions provision as an exclusion when it is a coverage provision. The fact the "weather conditions" provision was in the exclusion section does not mean that the provision is an exclusion.[19] In Palub v. Hartford Underwriters Ins. Co., Division Five interpreted the same Hartford policy the company issued to the plaintiffs' neighbors and reasoned that Hartford's denial of coverage was contrary to the efficient proximate cause rule.[20] In Findlay v. United Pacific Ins. Co., the Washington Supreme Court, interpreting an insurance contract with similar language, adopted a contrary view and incorrectly accepted the insurance company's categorization of the provision.[21] The insurance company managed to convince the Findlay court the weather provision was an exclusion and only restored coverage in situations where weather acted alone in producing the loss.
*782 I agree with Division Five. The Findlay court's interpretation promotes form over substance.[22] It is clear the weather provision insures against loss, thus granting coverage, and only restricts coverage where weather combines with an excluded peril to produce the loss. "To the extent that the `exclusion' would exclude loss proximately caused by weather conditions, it violates Insurance Code section 530 and the longstanding principle that a property insurer is liable whenever a covered risk is the proximate cause of a loss, and is unenforceable."[23]
Finally, I observe one cannot seriously question the record on appeal creates at least a triable issue the El Nino rainstorms constituted the "efficient proximate cause" of the damages sustained at insureds' home. Indeed the evidence is near conclusive the rainstorms and not earth movement qualified as the "efficient proximate cause" in this case. This weather condition "triggered" the chain of results culminating in the partial collapse of the insured's home, just as did the negligently constructed foundation in Sabella, the leaking plumbing in Sauer, the windstorm in Gillis, and the fire in Howell. And just as these covered causes were deemed the "efficient proximate cause" in these other cases, the weather condition here clearly fits that definition.
The insurance company expert's opinion to the contrary flies in the face of these prior precedents and in the face of logic itself. The El Nino rainstorms are what permeated the slope above and behind the Julians' home with water and caused the slope to fail, producing the further result of severe damage to the house. The slope's failure was not the "efficient proximate cause," just as similar "earth movement" failed to satisfy that definition in Sabella and Sauer and Howell. As in these cases, earth movement was merely another result of the "efficient proximate cause," something which would not have occurred unless triggered by the El Nino rainstorms.
For these reasons, I would reverse the summary judgment in this case and remand for a trial of this lawsuit.
NOTES
[1] All further statutory references are to the Insurance Code unless otherwise indicated.
[2] The Julians also sued Christina Williams, the employee at Hartford responsible for the adjustment of their claim, for intentional infliction of emotional distress. While Hartford's motion for summary judgment was pending, the Julians dismissed their case against Williams without prejudice. The Julians also did not oppose the summary judgment motion with respect to Williams. The trial court, therefore, entered judgment in Williams's favor. On appeal, the Julians do not challenge the judgment as to Williams. Accordingly, Williams is not a party, and the judgment in her favor is not subject, to this appeal. The Julians also named Hartford in their cause of action for intentional infliction of emotional distress, but do not argue on appeal for reversal of the judgment with respect to that cause of action.
[3] In their complaint, the Julians alleged that either third-party negligence, weather conditions alone or collapse due to flood was the efficient proximate cause of the slope failure. On summary judgment, however, the Julians clarified their allegation to state the efficient proximate cause was not of the slope failure, but rather of the damage to their home.
[4] In the trial court the Julians also argued their loss was covered because collapse not due to flood was the efficient proximate cause of their loss and the policy excluded only coverage for collapse caused by flood. They have abandoned this argument on appeal. In any event, the argument confuses the cause of the loss and the resulting damage to the property. A collapse did not cause the Julians' loss. Rather, the collapse of their home is the resulting damage. Moreover, the policy's provision on collapse extended coverage for loss to personal property caused by collapse unless the collapse was caused by flood. It did not suggest the policy covered the collapse of a structure. (See Paiub v. Hartford Underwriters Ins. Co. (2001) 92 Cal.App.4th 645, 653, 112 Cal.Rptr.2d 270.)
[5] The Julians attempt to distinguish Findlay on the basis that Washington does not have a statute similar to section 530. Washington, however, has adopted the efficient proximate cause doctrine, which embodies the same principles set forth in section 530. (See Findlay, 917 P.2d at p. 118 ["In 1983, [the Washington Supreme] Court adopted the `efficient proximate cause rule'"].)
[6] Indeed, if the insurer is not motivated to write an absolute exclusion for weather conditions, it surely will be inclined to raise its insureds' premiums.
[7] The trial court found the efficient proximate cause of the Julians' loss was a landslide triggered by heavy rainfall. It combined two causes into one and assumed there can be two efficient proximate causes of a loss. This was improper. The efficient proximate cause of a loss is the predominating, or the most important, cause of a loss. (Garvey v. State Farm Fire & Casualty Co., supra, 48 Cal.3d at p. 403, 257 Cal.Rptr. 292, 770 P.2d 704; Croskey et al., Cal. Practice Guide: Insurance Litigation, ¶ supra, 116:135.1.) Under that definition, a loss has one efficient proximate cause; and, if that cause is a peril covered by the insured's policy, then the loss is covered, regardless of other contributing causes that are perils excluded by the policy. (State Farm Fire & Casualty Co. v. Von Her Lieth, supra, 54 Cal.3d at pp. 1131-1132, 2 Cal.Rptr.2d 183, 820 P.2d 285.) The trial court's improper finding on efficient proximate cause, however, does not require reversal of the judgment. Because landslide and weather conditions were excluded perils, the loss was excluded by the policy, regardless of which was the efficient proximate cause.
[8] An amendatory endorsement to the policy described third-party negligence as an excluded peril: "Notwithstanding any of the terms of this policy that might be construed otherwise the following perils are SPECIFICALLY EXCEPTED FROM THIS POLICY. WE DO NOT COVER OR INSURE AGAINST LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ETHER OF SUCH EXCEPTED PERILS: 1. PLANNING, STANDARDS, DESIGN, CONSTRUCTION OR MAINTENANCE, meaning acts, errors or omissions (whether by the Insured or others) in: [¶] (a) planning, zoning or developing property; [¶] ... [¶] (c) the design, specifications or construction of the following property or facilities; [U] (1) buildings or structures; [¶] (2) improvements or changes in or additions to land or other property; or [¶] (3) roads, water mains, sewers, drainage ditches, levees, dams or other facilities ... [¶] (d) the furnishing of work, materials, parts or equipment in connection with any of such property or facilities; or (e) the maintenance of any of such property or facilities. The exception of this PERIL shall not reduce the insurance for a loss caused directly: ... if this policy is an `all risk' policy, . . . by any peril not otherwise or [sic] excepted or excluded from this policy."
[9] The Julians contend the third-party negligence exclusion also is ambiguous because it did not specifically contain the words "third-party negligence" but instead referred to acts, errors or omissions with regard to planning, standards, design, construction or maintenance. This language, however, clearly covers the allegations in the Julians' complaint relating to construction and maintenance of the slope on the property above and behind their home. The Julians also contend Hartford recognized the exclusion was ambiguous because it sent out a notice to insureds explaining the amendatory endorsement. But that notice, giving examples of how the amendatory endorsement would apply when two or more perils contributed to a loss, does not support the Julians' argument that third-party negligence needed to be excluded in the body of the policy for the exception in the amendatory endorsement to take effect.
[1] Palub v. Hartford Underwriters Ins. Co. (2001) 92 Cal.App.4th 645, 112 Cal.Rptr.2d 270.
[2] Insurance Code section 530; all further statutory references are to the Insurance Code unless otherwise indicated.
[3] Sabella v. Wisler (1963) 59 Cal.2d 21, 31-32, 27 Cal.Rptr. 689, 377 P.2d 889.
[4] Sabella v. Wisler, supra, 59 Cal.2d at pages 25-26, 27 Cal.Rptr. 689, 377 P.2d 889.
[5] Sabella v. Wisler, supra, 59 Cal.2d at page 31, 27 Cal.Rptr. 689, 377 P.2d 889.
[6] Sabella v. Wisler, supra, 59 Cal.2d at page 33, 27 Cal.Rptr. 689, 377 P.2d 889.
[7] Sauer v. General Ins. Co. of America (1964) 225 Cal.App.2d 275, 276, 37 Cal.Rptr. 303.
[8] Sauer v. General Ins. Co. of America, supra, 225 Cal.App.2d at page 277, 37 Cal.Rptr. 303.
[9] Sauer v. General Ins. Co. of America, supra, 225 Cal.App.2d at pages 279-280, 37 Cal. Rptr. 303.
[10] Gillis v. Sun Ins. Office, Ltd. (1965) 238 Cal.App.2d at pages 410-411, 47 Cal.Rptr. 868.
[11] Gillis v. Sun Ins. Office, Ltd., supra, 238 Cal.App.2d at pages 410-411, 47 Cal.Rptr. 868.
[12] Gillis v. Sun Ins. Office, Ltd., supra, 238 Cal.App.2d at page 415, 47 Cal.Rptr. 868.
[13] Gillis v. Sun Ins. Office, Ltd., supra, 238 Cal.App.2d at page 424, 47 Cal.Rptr. 868.
[14] Howell v. State Farm Fire and Casualty Co. (1990) 218 Cal.App.3d 1446, 1452, 267 Cal. Rptr. 708.
[15] Howell v. State Farm Fire and Casualty Co., supra, 218 Cal.App.3d at page 1449, 267 Cal.Rptr. 708.
[16] Howell v. State Farm Fire and Casualty Co., supra, 218 Cal.App.3d at page 1449, 267 Cal.Rptr. 708.
[17] Howell v. State Farm Fire and Casualty Co., supra, 218 Cal.App.3d at page 1451, 267 Cal.Rptr. 708.
[18] Garvey v. State Farm Fire and Casualty Co. (1989) 48 Cal.3d at page 402, 257 Cal.Rptr. 292, 770 P.2d 704, quoting Sabella v. Wisler, supra, 59 Cal.2d at pages 31-32, 27 Cal.Rptr. 689, 377 P.2d 889.
[19] Palub v. Hartford Underwriters Ins. Co. (2001) 92 Cal.App.4th 645, 651, 112 Cal. Rptr.2d 270.
[20] Palub v. Hartford Underwriters Ins. Co., supra, 92 Cal.App.4th at pages 650-651, 112 Cal.Rptr.2d 270.
[21] Findlay v. United Pacific Ins. Co. (1996) 129 Wash.2d 368, 379, 917 P.2d 116.
[22] Palub v. Hartford Underwriters Ins. Co., supra, 92 Cal.App.4th at page 651, 112 Cal. Rptr.2d 270.
[23] Palub v. Hartford Underwriters Ins. Co., supra, 92 Cal.App.4th at page 650, 112 Cal. Rptr.2d 270, italics omitted.